

_____
Raymond B. Ray, Judge
United States Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
Broward Division

In re:

VIOLET MILLER,                               Case No. 07-10184-BKC-RBR

  Debtors.                                   Chapter 13

_____/

### ORDER GRANTING DEBTOR'S MOTION FOR TURNOVER OF PROPERTY

**THIS MATTER** came before the Court for hearing on February 22, 2007, upon the Debtor's Motion for Turnover (C.P. 23) and the response thereto. The Court, having heard from counsel, reviewed the Motion and being otherwise duly advised in the premises, finds as follows:

This Chapter 13 case was filed January 11, 2007, wherein the Debtor is seeking to cure defaults in a mortgage on the Debtor's real property and the car loan with Ford Motor Credit.[1] Ford Motor Credit was listed in the Chapter 13 plan (C.P.12) which was filed February 13, 2007. However, it was omitted as a creditor in the Debtor's Chapter

---

[1] Debtor is a co-debtor with her son on the Ford Motor Credit Obligation. Her son Christopher Miller was a Chapter 13 Debtor in case no. 04-24180-BKC-RBR.

Page 1 of 4

13 petition and did not receive notice of the Chapter 13 filing until February 17, 2007, when they received the Motion (C.P. 23). There was no explanation offered as to the reason Ford was omitted other than the allegation contained within C.P. 23.

Christopher Miller's (Debtor's son) Chapter 13 petition was filed June 30, 2004. A plan was confirmed, the case dismissed and then reinstated and is currently open and being administered by the Chapter 13 Trustee. However, in Christopher Miller's case Ford Motor Credit moved for and obtained stay relief (case no. 04-24180 C.P. 46,48,54). Violet Miller, as a co-debtor on the car loan, received copies of these pleadings. Including the Order granting stay relief (case no. 04-24180 C.P. 54), yet she took no action to advise Ford of her pending Chapter 13. In compliance with this order and without knowledge of Violet Miller's Chapter 13 petition, Ford repossessed the car on February 15, 2007. The Debtor now seeks turnover of the 2000 Ford Expedition claiming a violation of the automatic stay.

The commencement of a bankruptcy case triggers the automatic stay of 11 U.S.C. §362, which is good against the world regardless of whether the party had notice of the stay or the bankruptcy filing. See *In re Combs*, No. 06-10872, 2006 Bankr. LEXIS 3569, at *4-5 (Bankr. N.D.Ga. Nov. 20, 2006); *In re Peralta*, 317 B.R.381, 389 (9th Cir. BAP 2004)("Since the automatic stay is effective against the world, regardless of notice, acts in violation of the stay are automatically void ab initio."). The law of the Eleventh Circuit is well settled, that "actions taken in violation of the automatic stay are void and without effect."See *United States v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006)(citing *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir. 1982)).

Even actions taken without notice of the bankruptcy are void ab initio. See In re Robinson No. 02-17467, 2006 Bankr. LEXIS 3274, at *4 (Bankr. N.D. Ga. 2006)(holding that the creditor is stayed "even if the creditor acted without knowledge of the bankruptcy filing."). If a creditor acts without knowledge of the bankruptcy in violation of the automatic stay it must affirmatively act immediately to restore the pre-violation status quo. See In re Taylor, 190 B.R. 459, 461-62 (Bankr. S.D. Fla. 1995)(holding that a creditor who has violated the automatic stay has "an affirmative duty to undo the technical violation");In re Blecher, 189 B.R. 16, 18 (Bankr. S.D. Fla. 1995)(holding that a creditor who repossessed a car without knowledge of the bankruptcy "had a duty under 11 U.S.C. §362 to return the vehicle and re-establish the status quo as of the day of the filing of the petition").

The Blecher case is most closely on point to the case currently before the Court. In Blecher the debtor filed her chapter 13 petition on June 20, 1995. On July 16, 1995 the secured creditor repossessed her vehicle. The secured creditor was faxed a copy of the petition by the debtor. The car was returned on July 26, 1995. The creditor did not receive notice of the filing until 27 days after the petition was filed. The Court awarded damages to the Debtor only for the extra days over and above the reasonable time (in this case 4 or 5 days) needed to return the car and re-establish the status quo and for the repossession of personal items(medicine) which were not subject to the lien.

The Debtor filed her chapter 13 case before the repossession of the car. As such, Ford Motor Credit is required to return the car to the Debtor and re-establish the pre-petition status quo. As per the above mentioned cases a lack of notice does not

excuse a violation of the automatic stay.

Accordingly, it is,

**ORDERED and ADJUDGED**:

1. That the Debtor's Motion for Turnover (C.P. 23) is **GRANTED**.

2. Ford Motor Credit is **DIRECTED** to turnover the vehicle described in the motion, along with any personal effects which were in the vehicle as soon as possible.

3. The Court reserves the right to award damages, if they are deemed appropriate.

Copies furnished to:

###

Clerk of the Court shall provide copies to:
Elias Leonard Dsouza Esq.
Violet Miller
Robin R Weiner, Trustee
Office of the US Trustee
Ford Motor Credit Company
Kenneth M. Jones, Esq.